IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION


CALVIN RICHMOND                                        PETITIONER


vs.              Civil Case No. 2:05CV00238 HLJ


LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

        The following recommended disposition has been sent to United
States District Court Judge J. Leon Holmes.  Any party may serve
and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis
for the objection.  If the objection is to a factual finding,
specifically identify that finding and the evidence that supports
your objection.  An original and one copy of your objections must
be received in the office of the United States District Court Clerk
no later than eleven (11) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.
Failure to file timely objections may result in waiver of the right
to appeal questions of fact.

        If you are objecting to the recommendation and also desire to
submit new, different, or additional evidence, and to have a
hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Calvin Richmond, an inmate of the Federal Correctional Institution in Forrest City, Arkansas, serving a fifteen month sentence for conspiracy to defraud the United States and aiding and abetting in the filing of false tax claims. Petitioner does not challenge his convictions or his sentence. His only claim in this petition is his challenge to the Bureau of

2

Prison's (BOP) interpretation of 18 U.S.C. § 3624(c),[1] the statute that governs the transfer of inmates to community correctional centers (CCC's) prior to their release from imprisonment. He contends he is entitled to serve the last six months of his sentence in a CCC, but the BOP interprets the statute to allow him to be transferred to a CCC for only thirty days or less. He argues the decision in Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004) prevents the BOP from interpreting the statute in this manner, and that the application of this interpretation to him violates the Ex Post Facto Clause of the Constitution.

This is one of several cases before this court, containing the exact issues and appearing as replicas of the same petition, and containing the same Response from the Respondent.[2]  This court has addressed this issue in Jones v. Sanders, NO. 2:05CV00047 (E.D.Ark.June 7, 2005), and Mayers v. Sanders, NO. 2:05CV00055

---

[1]  That statute provides as follows:

c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

[2]  The court has entered similar findings in Jones v. Sanders, No. 2:05CV00194; Perry v. Sanders, No. 2:05CV00165; Sutherland v. Sanders, No. 2:05CV00173.

3

(E.D.Ark.June 7, 2005).   In addition, Proposed Findings and Recommendations by this court regarding this issue have been adopted by the Hon. George Howard, Jr., in <u>Fults v. Sanders</u>, NO. 2:05CV00091 (E.D.Ark. July 22, 2005), and by the Hon. J. Leon Holmes in <u>Rodriquez v. Sanders</u>, NO. 2:05CV00067 (E.D.Ark. Aug. 30, 2005).   Respondent filed a notice of appeal on September 13, 2005, in <u>Fults v. Sanders</u>, USCA Case No. 05-3490.

The court need not set forth in detail its reasoning as to the issues decided in the above cases.   The court rejected Respondent's argument that continued limitations on transfers to CCCs under a new regulation that went into effect on February 14, 2005, at 28 C.F.R. § 570, are a "categorical exercise" of its discretion and do not conflict with <u>Elwood</u>.   Instead, this court agreed with a recent decision from the Eastern District of New York, which found this new regulation "in no way furthers or interprets" the factors set forth in § 3621(b) that were intended to inform the BOP's decision-making with regard to CCC placement.   <u>Pimentel v. Gonzalez</u>, 367 F.Supp.2d 365, 374-75 (E.D.N.Y May 3, 2005).   This court concluded that, although the BOP labeled the rule a "categorical exercise of discretion" it did not exercise its discretion at all, but merely re-packaged the December 2002 blanket rule that was rejected in <u>Elwood</u>.[3]   In the present case, Respondent

_____

[3]   As a district court recently observed, there is a a growing split of authority in the federal district

4

raises additional issues not addressed in <u>Jones</u>, <u>Mayers</u>, <u>Fults</u>, or <u>Rodriquez</u>.

---

courts about the validity of the February 2005 rule. Some courts have invalidated the new regulation on the ground that it disregards the factors set forth in § 3621(b), and therefore suffers from the same infirmities as the December 2002 policy. <u>See</u>, <u>e.g.</u>, <u>Baker v. Willingham</u>, No.3:04CV1923(PCD), 2005 WL 2276040 (D.Conn. Sep. 19, 2005); <u>Wiederhorn v. Gonzales</u>, No. 05-360, 2005 WL 1113833 (D.Or. May 9, 2005); <u>Pimentel v. Gonzalez</u>, 367 F.Supp.2d 365 (E.D.N.Y.2005); <u>Paige v. United States</u>, 369 F.Supp.2d 1257 (D.Mont.2005); <u>Cook v. Gonzales</u>, No. 05-09, 2005 WL 773956 (D.Or. April 5, 2005); <u>Drew v. Menifee</u>, No. 04-9944, 2005 WL 525449 (S.D.N.Y. Mar. 4, 2005). But a fairly equal number of courts have ruled to the contrary, concluding that the February 2005 policy reasonably interprets the enabling statute, § 3621(b), and therefore, is valid. <u>See</u> <u>Charbonneau v. Menifee</u>, 05 Civ.1900(MSM), 2005 WL 2385862 (S.D.N .Y. Sep. 28, 2005); <u>Lee v. United States</u>, No.Civ.A. 04-0610-CG-C, 2005 WL 2179796 (S.D.Ala. Sep. 6, 2005); <u>Hurley v. Sherrod</u>, No.Civ.A.05CV0117LTBPAC, 2005 WL 2141490 (D.Colo. Sep. 1, 2005); <u>Troy v. Apker</u>, 05 Civ. 1306(GEL), 2005 WL 1661101 (S.D.N.Y. June 30, 2005) (finding that the BOP has the authority to categorically exercise its discretion regarding CCC transfers and upholding the validity of the February 2005 rule); <u>Moss</u>, 376 F.Supp.2d 416 (same); <u>Yip</u>, 363 F.Supp.2d 548 (same); <u>Levine v. Menifee</u>, 05 Civ.1902(RCC), 2005 WL 1384021 (S.D.N.Y. June 9, 2005) (same); <u>Levine v. Apker</u>, 05 CV 3472(CLB), 2005 WL 1417134 (S.D.N.Y. May 20, 2005) (finding "no Constitutional infirmity in the exercise of categorical discretion under the circumstances where the statute calls for individualized consideration"). <u>See also</u> <u>Wiesel v. Menifee</u>, No. 04 Civ. 9681(DAB), 2005 WL 1036297 (S.D.N.Y. May 2, 2005) (upholding the February 2005 regulations, but finding their application to petitioner, who was convicted prior to the policy change, to be a violation of the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause).

<u>Harris v. Federal Bureau of Prisons</u>, 2005 WL 2562970, *8 (D.N.J. October 6, 2005).

I.

The court will first address Respondent's argument that § 2241 is not the appropriate statute for raising these issues because Petitioner is merely challenging the place or condition of confinement, not the length or duration of his confinement as authorized by § 2241.

"[T]he statutes governing habeas corpus, 28 U.S.C. §§ 2241-2255, were enacted in 1948, before the writ developed into a vehicle for federal courts 'to reexamine federal constitutional issues even after trial and review by a state,'" Lonchar v. Thomas, 517 U.S. 314, 336 (1996), quoting Brown v. Allen, 344 U.S. 443, 459 (1953).

> Section 2255 was enacted to create a jurisdictional basis in the sentencing court for certain types of post conviction claims, in general those dealing with the imposition of the sentence in which the sentencing court would have the previous knowledge and the immediate access to the necessary files. Therefore, § 2255 granted in personam jurisdiction in the sentencing court over the petitioner and the custodian of the petitioner, even though they would not necessarily be within the territory of the district court. This grant of jurisdiction by Congress was a departure from the rule in habeas corpus actions announced in Ahrens v. Clark, supra, that required the physical presence of the defendant and his custodian within the territorial confines of the district court.

Lee v. United States, 501 F.2d 494, 499-500 (8th Cir. 1974). It gave "the sentencing judge the first opportunity to re-examine all circumstances of the conviction and sentence when they are said to have involved some fundamental injustice or impropriety." United

6

States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

Section 2241 petitions are ordinarily filed in the district in which an inmate is incarcerated.

> Generally, only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated.  See Lee v. United States, 501 F.2d 494, 500 (8th Cir.1974);   cf. United States v. Fraser, 688 F.2d 56, 58 (8th Cir.1982) (sentencing court has no jurisdiction under 28 U.S.C. § 2255 to hear extraterritorial challenge to execution of sentence).

DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).   Clearly, § 2241 is the proper vehicle for matters relating to the execution of Petitioner's sentence or the conditions of confinement.


II.

Respondent next contends Petitioner's argument does not state a claim under § 2241 because Petitioner does not have a constitutional right to be housed in a certain institution.  Since Petitioner may challenge the execution of his sentence under § 2241, he may challenge the BOP's interpretation of statutes that impact on the execution of his sentence.  As the court in Elwood explained, although the language of § 3624(c) does not mandate the BOP place any certain inmate in a CCC prior to his release, it bestows a duty on the BOP to ensure each inmate "spends a reasonable part of the last ten percent of his or her term 'under

conditions that afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community' to the extent that this is practicable." <u>Elwood v. Jeter</u>, 386 F.3d at 846. Petitioner is entitled to the benefit of that duty, and he properly brought this matter under § 2241. Moreover, this court is aware that the court in <u>Elwood</u> did not rule the petitioner had a right to be transferred to a CCC. It merely ruled he had a right to be considered for such a transfer in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 policy. Respondent's argument has no merit.

The court has reviewed Respondent's challenges to its previous holdings in <u>Jones</u>, <u>Mayers</u>, <u>Fults</u> and <u>Rodriquez</u> and finds they also have no merit. In light of the court's ruling, there is no need to address Petitioner's <u>Ex</u> <u>Post</u> <u>Facto</u> claim.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, granted. Respondent is directed to (a) consider, within twenty days and in good faith, transferring Petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 policy; and (b) placing Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last

ten percent of his term, to the extent practicable, not to exceed six months.

SO ORDERED this 28th day of October, 2005.

_Henry L. Jones, Jr._
United States Magistrate Judge